*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

## TWADDELL v. THE HAMILTON LAND AND IMPROVEMENT CO.

Testator devised to his wife in trust for herself and children, and, after a certain time, "if the executor thinks it will be more productive," the property to be sold, and the money divided. The parties in interest, having elected by deed to take the land in lieu of the proceeds of the sale thereof; *Held:* That a deed from them, *without joining the executor*, passed a good title to defendant.

Opinion delivered July 5, 1873, by

PAXSON, J. This cause was heard upon bill and answer. The point raised by the pleading was before this court in Twaddell's Estate. It comes up now in a different form, and between other parties, and must be

decided again. The whole question of title, and the rights and powers of the trustee under the will of John P. Twaddell, were so fully discussed by my brother Peirce, in his opinion in the estate referred to, (see Legal Intelligencer of January 10, 1873,) that it is unnecessary to go over the same ground, or elaborate the views already expressed by him.

We regard it as clear that the trustee was the mere donee of a power. He did not hold either the legal or the equitable estate. The real estate in question was devised by the testator to his wife, Lydia B. Twaddell, in trust for herself and children. The said Lydia was to have the care and control of it, the will authorizing her to use her judgment as to the best method of managing the real estate, to make it productive : Then follows the power of sale in these words : "and after the expiration of fifteen years, (or one, or two, or three years after, if the executor thinks it will be more productive,) the above described farm in Blockley township, (the real estate in question,) * * * to be sold to the best advantage, and the money to be appropriated and divided as follows :" distributing the same between his widow and children. The executor here is given a limited discretion in regard to the time of sale ; and there being a power of sale, in the will, without any designation of the person who is to execute it, under the 12th section of the act of 24th February, 1834, the power could be exercised and carried into effect by the executor. He could do so, however, only under the control and direction of the orphans' court. The legal estate did not vest in him, and herein the case differs from a naked authority to an executor to sell ; the legal estate was given by the express terms of the will to Lydia B. Twaddell ; and it could not vest in her and also in the executor at the same time.

It is equally clear that the deed poll of 5th of September, 1861, by which all the parties in interest elected to accept and take the said real estate as land in lieu of the proceeds of the sale thereof, and to dispense with any such sale, was a valid and binding act ; and that notwithstanding any question of a conversion by the prior act of the executor in determining to sell the land. What then was the position of the executor after the execution of said deed, as regards the power and the title to the land ? The former was gone—as completely obliterated as if it had never been created, and the legal title had never been in him after the execution of the deed in question, there was not the shadow of a power or a title left in the executor.

By the decree of this court in Twaddell's estate before referred to, the executor was directed to convey to the petitioners, (Mrs. Twaddell and her children,) all his interest in, and power and right of control of said estate. That this order may not leave the impression that the court at that time regarded the executor as having some interest, I will quote from the opinion of Judge Peirce :

"And they (the heirs) having elected so to take, the executor had no further duty to perform in respect of it. There was no title to the estate

vested in him, and as the power of sale was defeated by the act of the parties in electing to take the property as land, *there is nothing in him to release or convey to the parties*. But as the supreme court has said, that in such cases, there rest a cloud upon the title, which embarrasses the right of alienation, it is deemed best to decree a conveyance by the executors to remove this cloud."

The executor having raised this cloud himself, it seemed proper to require him to remove it ; yet how slight a cloud it is, may be gathered from the words of Judge Peirce above cited. And when we take into consideration the fact that in Ray *v*. Scates, 1 Wr. 31, where the supreme court ordered a conveyance by the nominal trustee, to remove "the cloud," upon the title ; and in Rush *v*. Leawis, 9 Harris 72, and Kuhn *v*. Newman, where they refused to order such conveyance, there was a legal estate in the trustee, which was always in the line of title to frighten conveyancers ; while in this case, there was never an estate of any kind in the executor, and nothing whatever in the line of title to disturb the members of that profession, it is easily seen that we have no difficulty in arriving at the conclusion that the title of the plaintiffs is a good marketable title in fee simple, which the defendants are bound to accept. In this opinion I am sustained by all of my colleagues. Let a decree be entered for the plaintiffs.

*J. C. Longstreth* and *H. C. Townsend*, Esqs., for plaintiffs ; *H. M. Dechert*, Esq., for defendant.

---

*Twenty-first Judicial District.*